| | |
|---|---|
| 1 | ERIK J. OLSON (CA SBN 175815) |
| | ejolson@mofo.com |
| 2 | PAUL F. COYNE (CA SBN 223900) |
| | pcoyne@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 755 Page Mill Road |
| 4 | Palo Alto, California 94304-1018 |
| | Telephone: (650) 813-5600 |
| 5 | Facsimile: (650) 494-0792 |
| 6 | Attorneys for Defendants |
| | FOVIA, INC.; FOVIA MEDICAL, INC.; KENNETH |
| 7 | FINEMAN; ROGER KATEN; GEORGE BUYANOVSKY; |
| | IGOR OKULIST; and JOSEF GOREK |
| 8 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| 12 | TERARECON, INC., | Case No.  C05-04407 (CW) |
| 13 | Plaintiff, | DEFENDANTS' [~~PROPOSED~~] |
| 14 | | PROTECTIVE ORDER |
| 15 | v. | |
| 16 | FOVIA, INC.; FOVIA MEDICAL, INC.; KENNETH FINEMAN; ROGER KATEN; GEORGE BUYANOVSKY; IGOR OKULIST; | |
| 17 | and JOSEF GOREK, | |
| 18 | Defendants. | |
| 19 | FOVIA, INC.; FOVIA MEDICAL, INC.; and GEORGE BUYANOVSKY, | |
| 20 | Counterclaimants, | |
| 21 | v. | |
| 22 | TERARECON, INC., MOTOAKI SAITO, and | |
| 23 | ROBERT TAYLOR | |
| 24 | Counterdefendants. | |

DEFENDANTS' [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. C05-04407
pa-1068126

1        1.     Purposes and Limitations

2            Disclosure and discovery activity in this action is likely to involve production of

3 confidential, proprietary, or private information for which special protection from public

4 disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6 Protective Order. The parties acknowledge that this Order does not confer blanket protections on

7 all disclosures or responses to discovery and that the protection it affords extends only to the

8 limited information or items that are entitled under the applicable legal principles to treatment as

9 confidential. The parties further acknowledge, as set forth in Section 10, below, that this

10 Stipulated Protective Order creates no entitlement to file confidential information under seal;

11 Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

12 that will be applied when a party seeks permission from the court to file material under seal.

13        2.     Definitions

14            2.1     Party: any party to this action, including all of its officers, directors,

15 employees, consultants, retained Experts, and Outside Counsel (and their support staff).

16            2.2     Disclosure or Discovery Material: all items or information, regardless of

17 the medium or manner generated, stored, or maintained (including, among other things,

18 testimony, transcripts, or tangible things) that are produced or generated in disclosures or

19 responses to discovery in this matter.

20            2.3     Source Code: Disclosure or Discovery Material consisting of software or

21 hardware source code.

22            2.4     "Confidential" Information or Items: information (regardless of how

23 generated, stored or maintained) or tangible things that qualify for protection under standards

24 developed under Fed. R. Civ. P. 26(c).

25            2.5     "Highly Confidential" Information or Items: Source Code, confidential

26 product design information, information protected as a trade secret, or other extremely sensitive

27 "Confidential" Information or items that have not been shared outside of a Party (except after

28

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER                   1
CASE NO. C05-04407
pa-1068126

1    execution of a Nondisclosure Agreement) because its disclosure would result in serious injury

2    that could not be avoided by less restrictive means.

3                 2.6      Receiving Party: a Party that receives Disclosure or Discovery Material

4    from a Producing Party.

5                 2.7      Producing Party: a Party or non-party that produces Disclosure or

6    Discovery Material in this action.

7                 2.8      Designating Party: a Party or non-party that designates information or

8    items that it produces in Disclosures or in responses to discovery as "Confidential" or "Highly

9    Confidential."

10                2.9      Protected Material: any Disclosure or Discovery Material that is designated

11    as "Confidential" or as "Highly Confidential."

12              2.10     Outside Counsel: attorneys who are not employees of a Party but who are

13    retained to represent or advise a Party in this action.

14              2.11     House Counsel: attorneys who are employees of a Party.

15              2.12     Counsel (without qualifier): Outside Counsel and House Counsel (as well

16    as their support staffs).

17              2.13     Expert: a person with specialized knowledge or experience in a matter

18    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

19    witness or as a consultant in this action and who is not a past or a current employee of a Party or

20    of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

21    employee of a Party or a competitor of a Party's.

22              2.14     Professional Vendors: persons or entities that provide litigation support

23    services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations,

24    organizing, storing, retrieving data in any form or medium etc.) and their employees and

25    subcontractors. This definition includes a professional jury or trial consultant retained in

26    connection with this litigation.

27

28

1      3.    Scope

2          The protections conferred by this Stipulation and Order cover not only Protected Materials

3  (as defined above), but also any information copied or extracted thereform, as well as all copies,

4  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

5  parties or counsel to or in court or in other settings that might reveal Protected Material.

6      4.    Duration

7          Even after the termination of this litigation, the confidentiality obligations imposed by this

8  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

9  otherwise directs.

10      5.    Designating Protected Material

11          5.1    Exercise of Restraint and Care in Designating Material for Protection.

12          Each Party or non-party that designates information or items for protection under

13  this Order must take care to limit any such designation to specific material that qualifies under the

14  appropriate standards. A Designating Party must take care to designate for protection only those

15  parts of material, documents, items, or oral or written communications that qualify – so that other

16  portions of the material, documents, items or communications for which protection is not

17  warranted are not swept unjustifiably within the ambit of this stipulation and order.

18          Mass, indiscriminate, or automatic designations are prohibited. Designations that

19  are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.,* to

20  unnecessarily encumber or retard the case development process, or to impose unnecessary

21  expenses and burdens on other parties), expose the Designating Party to sanctions.

22          If it comes to a Party's or a non-party's attention that information or items that it

23  designated for protection do not qualify for protection at all, or do not qualify for the level of

24  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

25  withdrawing the mistaken designation.

26          5.2    Manner and Timing of Designations: Except as otherwise provided in this

27  stipulation and order (*see infra* § 5.2(a), ¶ 2), or as otherwise stipulated or ordered, material that

28

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER
CASE NO. C05-04407
pa-1068126

3

1  qualifies for protection under this stipulation and order must be clearly so designated before the
2  material is disclosed or produced.

3          Designation in conformity with this stipulation and order requires:

4          (a)     for information in documentary form (apart from transcripts of
5  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected
7  material. If only a portion or portions of the material on a page qualifies for protection, the
8  Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate
9  markings in the margins) and must specify, for each portion, the level of protection being asserted
10  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL").

11          A Party or non-party that makes original documents or material available
12  for inspection need not designate them for protection until after the inspecting Party has indicated
13  which material it would like copied and produced. During the inspection and before the
14  designation, all of the material made available for inspection shall be deemed "HIGHLY
15  CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied or
16  produced, the Producing Party must determine which documents, or portions thereof, qualify for
17  protection under this Order, then, before producing the specific documents, the Producing Party
18  must affix the appropriate legend (*i.e.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on
19  each page that contains Protected Material. If only a portion or portions of the material on a page
20  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
21  (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the
22  level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL").

23          (b)     for testimony given in deposition or in other pretrial or trial
24  proceedings, that the Party, or non-party offering or sponsoring the testimony, identify on the
25  record, before the close of the deposition, hearing, or other proceeding, or within 20 days after
26  notification that the certified transcript is available, that testimony, or portions thereof, qualify as
27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material. If practicable, specific portions
28  of testimony may be designated during or before the close of the deposition, hearing or

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER
CASE NO. C05-04407
pa-1068126

4

1   proceeding; however, any Party or non-party providing notice that testimony may be Protected

2   Material shall identify the specific portions of the testimony as to which protection is sought and

3   the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") no

4   later than 20 days after notification that the certified transcript is available. Except as provided in

5   section 5.3 below or elsewhere herein, only those portions of the testimony that are appropriately

6   designated for protection within the 20 day period shall be covered by the provisions of this

7   Stipulated Protective Order. All deposition testimony shall be treated as "CONFIDENTIAL"

8   until the 20 day period has elapsed. Portions of deposition testimony shall be treated as

9   "HIGHLY CONFIDENTIAL" until the 20 day period has elapsed, if the Party or non-party

10  offering or sponsoring the testimony so identifies those portions by subject matter at the close of

11  the deposition, hearing, or proceeding, or in writing within five days of the close of the

12  deposition, hearing, or proceeding.

13              Transcript pages containing Protected Material must be separately

14  identified on each page with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as

15  instructed by the Party or non-party offering or sponsoring the witness or presenting the

16  testimony.

17              (c)    for information produced in some form other than documentary,

18  and for any other tangible items, that the Producing Party affix in a prominent place on the

19  exterior of the container or containers in which the information or item is stored the legend

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only portions of the information or

21  item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

22  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential."

23              (d)    special procedures for Source Code

                                                           on CP's man
24                     (i)    Source Code shall be produced initially in hard copy. Hard
    electronically searchable format
25  copies shall be marked "HIGHLY CONFIDENTIAL" pursuant to the procedures above and shall

26  be subject to the restrictions of paragraph 7.3 below.

27                     (ii)   A Receiving Party may request a copy of Source Code in

28  electronically searchable format when and to the extent that it can show that an electronic copy

~~would make substantially easier an analysis of the Source Code that is relevant to a~~ disputed issue ~~in the case. If produced.~~ The electronic copy shall be subject to the following restrictions in

3    addition to those provided by paragraph 7.3:

4                    (1)    The Receiving Party shall specifically identify the

5    persons who will be permitted access to the electronic copy.

6                    (2)    The Receiving Party shall be entitled to make up to

7    five working copies of the electronic copy, which shall be stored solely on removable media (CD

8    ROM, DVD, etc), labeled by case name and number, labeled "HIGHLY CONFIDENTIAL,"

9    labeled with a specific designation (e.g. Working Copy 1), and maintained in a secure, locked

10   location.

11                   (3)    For purposes of analysis, the electronic copy may be

12   transferred to an electronic storage device connected to a password protected computer only for

13   the purpose of conducting and only for the time required to conduct the analysis identified by the

14   Receiving Party.  Once any analysis is complete, the electronic copy shall be immediately

15   removed from the computer memory and the electronic storage device. Any electronic copy of

16   the analysis that is derived from the use of the electronic copy shall be stored exclusively on

17   removable media and maintained in a secure, locked location.

18                   (4)    Any printed material derived from the electronic

19   copy or the analysis shall be marked "HIGHLY CONFIDENTIAL" and subject to the restrictions

20   of paragraph 7.3 below.

21                   (5)    The Receiving Party and any Expert shall maintain a

22   sign in/sign out log showing for each electronic copy, each person and each occasion on which

23   the electronic copy was accessed or used.

24                   (6)    To the extent that an electronic copy or derivative

25   material is needed for Court proceedings, the parties shall meet and confer and, no less than five

26   days prior to the proceeding, shall submit to the Court a joint proposal for the manner in which

27   the material shall be safeguarded.

(7) The Producing party shall affix in a prominent place on the exterior of each cd the legend "HIGHLY CONFIDENTIAL. The Source Code, and all copies thereof, shall at all times be in the custody and control of Outside Counsel or an Expert, and when not in use shall be stored in a secure, locked location.

28

DEFENDANTS' [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. C05-04407 CONFIDENTIAL.
pa-1068126

1            5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

2  failure to designate qualified information or items as "Confidential" or "Highly Confidential"

3  does not, standing along, waive the Designating Party's right to secure protection under this

4  stipulation and order for such material. If material is appropriately designated as "Confidential"

5  or "Highly Confidential" after the material was initially produced, the Receiving Party, on timely

6  notification of the designation, must make reasonable efforts to assure that the material is treated

7  in accordance with the provisions of this stipulation and order.

8         6.    Challenging Confidentiality Designations

9            6.1    Timing of Challenges:  Unless a prompt challenge to a Designating Party's

10  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

11  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

12  waive its right to challenge a confidentiality designation by electing not to mount a challenge

13  promptly after the original designation is disclosed.

14            6.2    Meet and Confer:  A Party that elects to initiate a challenge to a Designating

15  Party's confidentiality designation must do so in good faith and must begin the process by

16  conferring directly (in voice-to-voice dialogue—other means of communication are not

17  sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

18  explain the basis for its belief that the confidentiality designation was not proper and must give

19  the Designating Party an opportunity to review the designated material, to reconsider the

20  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

21  designation. A challenging Party may proceed to the next stage of the challenge process only if it

22  has engaged in this meet and confer process first.

23            6.3    Judicial Intervention:  A Party that elects to press a challenge to a

24  confidentiality designation after considering the justification offered by the Designating Party

25  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

26  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

27  challenge. Each such motion must be accompanied by a competent declaration that affirms that

28  the movant has complied with the meet and confer requirements imposed in the preceding

1  paragraph and that sets forth the specificity the justification for the confidentiality designation

2  that was given by the Designating Party in the meet and confer dialogue.

3  The burden of persuasion in any such challenge proceeding shall be on the

4  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

5  material in question the level of protection to which it is entitled under the Producing Party's

6  designation.

7  7.  Access to and Use of Protected Material

8  7.1  Basic Principles: A Receiving Party may use Protected Material that is

9  disclosed or produced by another Party or by a non-party in connection with this case only for

10  prosecuting, defending, appealing, or attempting to settle this litigation. Such Protected Material

11  may be disclosed only to the categories of persons and under the conditions described in this

12  stipulation and order. When the litigation has been terminated, a Receiving party must comply

13  with the provisions of Section 11 herein, titled Final Disposition.

14  Protected Material must be stored and maintained by a Receiving Party at a

15  location and in a secure manner that ensures that access is limited to the persons authorized under

16  this stipulation and order.

17  7.2  Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise

18  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

19  disclose any information or item designated CONFIDENTIAL only to:

20  (a) the Receiving Party's Outside Counsel of record in this action, as well

21  as employees of said Counsel to whom it is reasonably necessary to disclose the information for

22  this litigation;

23  (b) the officers, directors, and employees (including House Counsel) of the

24  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

25  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

26  (c) experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

28  Bound by Protective Order" (Exhibit A);

1    (d) the Court and its personnel;

2    (e) court reporters, their staffs, and professional vendors to whom

3    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4    Bound by Protective Order" (Exhibit A);

5    (f) during their depositions, witnesses in the action to whom disclosure is

6    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

7    (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

8    Protected Material may not be disclosed to anyone except as permitted under this Stipulated

9    Protective Order;

10    (g) any person who prepared a particular document, or is listed on the face

11    of such document as a recipient, or is the original source of the information, or who is likely to

12    have seen a copy of the document in the ordinary course of business or prior employment; and

13    (h) any person to whom the Designating Party agrees in writing that

14    Protected Material may be disclosed.

15    7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless

16    otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

17    Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

18    (a) the Receiving Party's Outside Counsel of record in this action, as well

19    as employees of said Counsel to whom it is reasonably necessary to disclose the information for

20    this litigation;

21    (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

22    necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

23    Order" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4, below, have

24    been followed.

25    (c) The Court and its personnel;

26    (d) court reporters, their staffs, and professional vendors to whom

27    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

28    Bound by Protective Order (Exhibit A);

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER
CASE NO. C05-04407
pa-1068126

9

1    (e) any person who prepared a particular document, or is listed on the face

2    of such document as a recipient, or is the original source of the information, or who is likely to

3    have seen a copy of the document in the ordinary course of business or prior employment; and

4    (f) any person to whom the Designating Party agrees in writing that

5    Protected Material may be disclosed.

6    (g) two representatives of a Party to this action who have been specifically

7    identified to the Disclosing Party but, only to the extent that the representatives receive the

8    Highly Confidential material in a secure location at the offices of Outside Counsel and leave all

9    notes, analyses, or other derivative materials exclusively in the secure location at the offices of

10   Outside Counsel.

11   7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL"

12   Information or Items to "Experts"

13   (a) Unless otherwise ordered by the Court or agreed in writing by the

14   Designating Party, a Party that seeks to disclose to an "expert" (as defined in this Order) any

15   information or item that has been designated "HIGHLY CONFIDENTIAL" first must make a

16   written request to the Designating Party that (1) sets forth the full name of the Expert and the city

17   and state of his or her primary residence, (2) attaches a copy of the Expert's current résumé or

18   curriculum vitae, (3) identifies the Expert's current employer(s), and (4) identifies (by name and

19   number of the case, filing date, and location of court) any litigation in connection with which the

20   Expert has provided any professional services during the preceding five years.

21   (b) A Party that makes a request and provides the information specified in

22   the preceding paragraph may disclose the subject Protected Material to the identified Expert,

23   unless, within seven court days of delivering the request, the Party receives a written objection

24   from the Designating Party. Any such objection must set forth in detail the grounds on which it is

25   based.

26   (c) A Party that receives a timely written objection must meet and confer

27   with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by

28   agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER                                                    10
CASE NO. C05-04407
pa-1068126

1   may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-

2   5, if applicable) seeking permission from the Court to do so. Any such motion must describe the

3   circumstances with specificity, set forth in detail the reasons for which the disclosure to the

4   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

5   suggest any additional means that might be used to reduce that risk. In addition, any such motion

6   must be accompanied by a competent declaration in which the movant describes the parties'

7   efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer

8   discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

9   approve the disclosure.

10                  In any such proceeding the Party opposing the disclosure to the Expert

11  shall bear the burden of proving that the risk of harm that the disclosure would entail (under

12  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

13  its Expert.

14                  7.5    Production of Protected or Privileged Information. The Parties have agreed

15  that inadvertent production of documents, items or information subject to the attorney-client

16  privilege or work-product immunity (despite the parties' reasonable efforts to prescreen such

17  documents and information prior to production) does not waive the attorney client privilege or

18  work product immunity if the producing party requests a recall of such documents, items or

19  information promptly after the producing party learns of the inadvertent production. If the

20  Receiving Party disagrees with the Producing Party's recall request, the Receiving Party shall

21  notify the Producing Party within 10 days in writing with an explanation for the disagreement.

22  Thereafter the parties shall meet and confer regarding the issue. To the extent that the issue is not

23  resolved within an additional 30 days, the Producing Party shall file a motion demonstrating that

24  the disputed discovery material is subject to a privilege against production and that production

25  was inadvertent. Unless the Receiving Party objects within 10 days of receiving the request, the

26  Receiving Party promptly shall destroy all copies of the recalled documents, items or information

27  in its possession. To the extent that the Receiving Party objects, the Receiving Party shall only

28  copy or use the document that is the subject of the objection with the consent of the Producing

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER                                                             11
CASE NO. C05-04407
pa-1068126

1 Party, to oppose the Producing Party's motion, to satisfy a Court deadline or to obtain discovery

2 regarding the Producing Party's foundation for the claim of privilege.

3          8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED

4 PRODUCED IN OTHER LITIGATION.

5          If a Receiving Party is served with a subpoena or an order issued in other litigation

6 that would compel disclosure of any information or items designated in this action as

7 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the

8 Designating Party, in writing (by fax, if possible) immediately and in no event more than three

9 court days after receiving the subpoena or order. Such notification must include a copy of the

10 subpoena or Court order.

11          The Receiving Party also must immediately inform in writing the Party who

12 caused the subpoena or order to issue in the other litigation that some or all the material covered

13 by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party

14 must deliver a copy of the Stipulated Protective Order promptly to the Party in the other action

15 that caused the subpoena or order to issue.

16          The purpose of imposing these duties is to alert the interested parties to the

17 existence of this Protective Order and to afford the Designating Party in this case an opportunity

18 to try to protect its confidentiality interests in the court from which the subpoena or order issued.

19 The Designating Party shall bear the burdens and the expenses of seeking protection in that court

20 of its confidential material – and nothing in these provisions should be construed as authorizing or

21 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

22          9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

23          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24 Protected Material to any person or in any circumstance not authorized under this Stipulated

25 Protective Order, the Receiving Party must immediately, (a) notify in writing the Designating

26 Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

27 Material, (c) inform the person or persons to whom unauthorized disclosures were made of all

28

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER
CASE NO. C05-04407
pa-1068126

12

1  terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and

2  Agreement to Be Bound" that is attached hereto as Exhibit A.

3          10.    FILING PROTECTED MATERIAL

4          Without written permission from the Designating Party or a court order secured

5  after appropriate notice to all interested persons, a Party may not file in the public record in this

6  action any Protected Material. A Party that seeks to file under seal any Protected Material must

7  comply with Civil Local Rule 79-5.

8          11.    FINAL DISPOSITION

9          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

10  days after the final termination of this action, each Receiving Party must return all Protected

11  Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all

12  copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of

13  the Protected Material. With permission in writing from the Designating Party, and Receiving

14  Party may destroy some or all of the Protected Material instead of returning it. Whether the

15  Protected Material is returned or destroyed, the Receiving Party must submit a written

16  certification to the Producing Party (and, if not the same person or entity, to the Designating

17  Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected

18  Materials that was returned or destroyed and that affirms that the Receiving Party has not retained

19  any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

20  the Protected Materials. Notwithstanding this provision, Outside Counsel are entitled to retain an

21  archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

22  attorney work product, even if such materials contain Protected Material. Any such archival

23  copies that contain or constitute Protected Material remain subject to this Protective Order, as set

24  forth in Section 4 (DURATION), above.

25          12.    MISCELLANEOUS

26          12.1    Right to Further Relief: Nothing in this Order abridges the right of any

27  person to seek its modification by the Court in the future.

28

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER
CASE NO. C05-04407
pa-1068126

13

1    12.2   Right to Assert Other Objections: By stipulating to the entry of this

2    Protective Order, no Party waives any right it otherwise would have to object to disclosing or

3    producing any information or item on any ground not addressed in this Stipulated Protective

4    Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

5    the material covered by this Protective Order.

6    Dated: May 23, 2006                    ERIK J. OLSON
                                            PAUL F. COYNE
7                                           MORRISON & FOERSTER LLP

8

9                                           By:    s/ Erik J. Olson
                                                   Erik J. Olson
10

11                                          Attorneys for FOVIA, INC.; FOVIA
                                            MEDICAL, INC.; KENNETH
12                                          FINEMAN; ROGER KATEN;
                                            GEORGE BUYANOVSKY; IGOR
13                                          OKULIST; and JOSEF GOREK

14   **IT IS SO ORDERED.**

15   Dated: 5/24/06

16                                          Joseph C. Spero
                                            United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER                              14
CASE NO. C05-04407
pa-1068126

1

2

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

4

5

6

7

8

9

10

I, _[insert name], of [insert full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of TeraRecon, Inc. v. Fovia, Inc., No. C05-04404 (CW). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

11

12

13

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

14

15

16

I hereby appoint [insert name] of [insert full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

17

Date: _____

18

City and State where sworn and signed: _____

19

Printed name: _____

20

Signature: _____

21

22

23

24

25

26

27

28

DEFENDANTS' [PROPOSED] PROTECTIVE ORDER
CASE NO. C05-04407
pa-1068126

15