United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9       IN THE UNITED STATES DISTRICT COURT

10      FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  TERARECON, INC.,                          No. C 05-4407 CW

13          Plaintiff,

                                              ORDER GRANTING
14      v.                                    COUNTERDEFENDANTS'
                                              MOTION TO DISMISS
15  FOVIA, INC.; FOVIA MEDICAL, INC.;         COUNTERCLAIMS AND
    KENNETH FINEMAN; ROGER KATEN; GEORGE      GRANTING
16  BUYANOVSKY; IGOR OKULIST; and JOSEF       PLAINTIFF'S MOTION
    GOREK,                                    TO AMEND COMPLAINT
17
            Defendants.
18
    _____/
19
    FOVIA, INC.; FOVIA MEDICAL, INC.; and
20  GEORGE BUYANOVSKY,

21          Counterclaimants,

22      v.

23  TERARECON, INC., MOTOAKI SAITO; and
    ROBERT TAYLOR,
24
            Counterdefendants.
25
    _____/
26

27      Counterdefendants TeraRecon, Inc., Motokai Saito and Robert

28  Taylor move to dismiss, pursuant to Federal Rule of Civil Procedure

12(b)(6), the second, third and fourth claims for relief of the counterclaim filed by Counterclaimants Fovia, Inc., Fovia Medical, Inc. and George Buyanovsky.  The Fovia parties oppose this motion. In addition, Plaintiff TeraRecon seeks leave to file its second amended complaint.  Defendants Fovia, Inc., Fovia Medical, Inc., Kenneth Fineman, Roger Katen, George Buyanovsky, Igor Okulist and Josef Gorek oppose this motion in part.  The matter was heard on May 12, 2006.  Having considered all of the papers filed by the parties and oral argument on the motions, the Court grants the TeraRecon parties' motion to dismiss, with leave to amend, and grants the motion for leave to amend.

BACKGROUND

According to TeraRecon, it is a leader in advanced image processing and 3-D visualization techniques, providing imaging systems for medical and other visualization applications.  In 1997, it created a volume rendering apparatus, now named Aquarius. TeraRecon has invested, and continues to invest, large amounts of time, effort and money in developing Aquarius.  Fovia is TeraRecon's competitor; it develops and sells medical imaging applications that compete with TeraRecon's Aquarius.  Fovia was formed by TeraRecon's former employees: Buyanovksy, Fineman, Katen, and Okulist.  On October 28, 2005, TeraRecon filed this action against Fovia, Fovia Medical, its former employees, and Gorek, the fifth member of the Fovia management team, alleging copyright infringement, misappropriation of trade secrets and other State law claims.

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

In February, 2006, Fovia, Fovia Medical and Buyanovsky filed counterclaims against TeraRecon and two additional counterdefendants: Mitoaki Saito, TeraRecon's Chief Executive Officer, and Robert Taylor, TeraRecon's Chief Operating Officer. The counterclaims were for copyright infringement, unfair business practices, intentional interference with prospective economic advantage and negligent interference with prospective economic advantage. The Fovia parties allege that, before joining TeraRecon, Buyanovsky created a powerful software-based volume rendering engine that could perform perspective and parallel volume rendering. This engine is copyrightable subject matter under the Copyright Act. Shortly after Buyanovksy was hired, Saito asked him to develop and integrate perspective rendering into a TeraRecon hardware-based product or, alternatively, to produce a software-based perspective rendering engine. Saito wanted this done quickly, before the 87th Scientific Assembly and Annual Meeting of the Radiological Society of North America was held on November 24, 2001. This was impossible. After receiving pressure from Saito and Taylor, Buyanovksy agreed to adapt his previously created software engine solely for demonstration purposes at the Radiological Society meeting. Buyanovksy did not grant TeraRecon rights to use his engine in TeraRecon products after the Radiological Society meeting. But TeraRecon continued to use Buyanovksy's engine, or derivatives thereof, in its commercial products without Buyanovksy's permission.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

LEGAL STANDARD

I.  Motion to Dismiss

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff or counterclaimant.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required."  Fed. R. Civ. P. 8(e).  These rules "do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

When granting a motion to dismiss, a court is generally required to grant a plaintiff, or counterclaimant, leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, a court examines whether the

4

complaint could be amended to cure the defect requiring dismissal

"without contradicting any of the allegations of [the] original

complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th

Cir. 1990).  Leave to amend should be liberally granted, but an

amended complaint cannot allege facts inconsistent with the

challenged pleading.  Id. at 296-97.

II.  Leave to Amend Complaint

     Federal Rule of Civil Procedure 15(a) provides that leave of

the court allowing a party to amend its pleading "shall be freely

given when justice so requires."  Leave to amend lies within the

sound discretion of the trial court, which discretion "must be

guided by the underlying purpose of Rule 15 to facilitate decision

on the merits, rather than on the pleadings or technicalities."

United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations

omitted).  Thus, Rule 15's policy of favoring amendments to

pleadings should be applied with "extreme liberality."  Id.; DCD

Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

DISCUSSION

I.  Motion to Dismiss Second, Third and Fourth Counterclaims

     After the TeraRecon parties filed their motion to dismiss, the

Fovia parties filed a stipulation and proposed order granting them

leave to file their first amended counterclaims.  The Court signed

the stipulation and proposed order.  The Fovia parties contend that

these revisions addressed and cured the issues raised in the motion

to dismiss.  The TeraRecon parties disagree and pursue their motion

to dismiss with prejudice the second, third and fourth

counterclaims.

A.   Unfair Competition in Violation of California Business
     and Professions Code § 17200

Both parties acknowledge that the Copyright Act preempts State law claims for unfair competition arising out of conduct encompassed by the Copyright Act.  See, e.g., Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc., 7 F.3d 1434, 1439-50 (9th Cir. 1993).  But, as the Ninth Circuit has held, "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005).  The Fovia parties contend that they have plead the additional elements of affirmative misrepresentation and misleading promises and thus their unfair competition claim is not preempted. The TeraRecon parties disagree, arguing that the alleged misrepresentations are nothing more than a re-characterization of the Fovia parties' copyright claims and that the misrepresentations are not sufficiently plead.  In addition, the TeraRecon parties argue that the Fovia parties' "reverse passing off" and "appropriation" allegations do not support a claim under § 17200 and that the Fovia parties do not state a valid claim as to Saito and Taylor.

1.   Misrepresentation and False Promises

The amended counterclaim alleges:

TeraRecon's regular practice of using images rendered by
the Buyanovsky Engine in its marketing materials,
thereby improperly implying that they were created by
TeraRecon's products constitutes an unfair business
practice in violation of California Business and
Professions Code § 17200.

6

1

2

3

4

> TeraRecon's regular practice of falsely representing
> that its 3D volume rendering software taken from the
> Buyanovsky Engine is exclusively its own product, was
> created exclusively by its own employees and does not
> incorporate the work of others constitutes an unfair
> business practice in violation of California Business
> and Professions Code § 17200.

5 Amended Counterclaim (ACC) ¶ 162-63.

6     A claim for copyright infringement need not contain an element

7 of deceit or misrepresentation. <u>See</u> 17 U.S.C. § 102. The Fovia

8 parties argue that therefore they have alleged an extra element and

9 the Copyright Act does not preempt their unfair competition claim.

10 <u>See</u> <u>Valente-Kritzer Video v. Pinckney</u>, 881 F.2d 772, 776 (9th Cir.

11 1989) ("VKV does allege the element of misrepresentation that

12 distinguishes this claim from one based on copyright."). It is not

13 that simple. Courts do not automatically conclude that, if

14 misrepresentation or deceit is alleged, a claim is not preempted by

15 the Copyright Act. <u>See</u> <u>Litchfield v. Spielberg</u>, 736 F.2d 1352,

16 1358 (9th Cir. 1984) (finding that insofar as the State law claims

17 for unfair competition and misrepresentation "are restatements of

18 the copyright infringement claims, they are preempted by federal

19 copyright law"). Rather, the Court must determine if the State law

20 claim is equivalent to any of the exclusive rights within the

21 general scope of copyright as specified by 17 U.S.C. § 106.

22 <u>Valente-Kritzer Video</u>, 881 F.2d at 776. Section 106 grants the

23 copyright owner exclusive rights of reproduction, production of

24 derivative works, distribution, and display. <u>See</u> 17 U.S.C. § 106.

25 As noted above, to survive preemption, the State claim must protect

26 rights which are qualitatively different from copyright rights and

27 "must have an 'extra element' which changes the nature of the

28

**United States District Court**
For the Northern District of California

action."   <u>Valente- Kritzer Video</u>, 881 F.2d at 776.

The cases that the Fovia parties cite include an extra element, which changed the nature of the action.  For example, in <u>Valente-Kritzer Video</u>, the plaintiff alleged that the defendant intentionally misrepresented its intent to perform a contract.  The court found that the fraud cause of action, based on the allegation that the defendant misrepresented its intent to perform a contract, "is not substantially equivalent to a claim for copyright infringement."  <u>Id</u>.  In <u>Dielsi v. Falk</u>, 916 F. Supp. 985 (C.D. Cal. 1996), the alleged misrepresentation was also more than copying and distributing copyrighted work and passing it off as one's own. There, the plaintiff alleged that the defendants fraudulently promised that they would honor his copyrighted work and compensate him for it, while concealing from him that they were developing a television show based on his work.  <u>Id</u>. at 991.  The court stated that it was "a close case, because Plaintiff's misrepresentation causes of action stray dangerously close to restating copyright claims."  <u>Id</u>.  But, the court concluded that, under <u>Valente-Kritzer Video</u>, the plaintiff added an additional element, <u>i.e.</u>, that the defendants fraudulently promised not to violate his authorship rights.

Here, the Fovia parties do not allege that the TeraRecon parties fraudulently promised to honor Buyanovsky's right to his engine.  They state in their opposition that TeraRecon obtained the engine by Saito's misrepresentations to Buyanovsky regarding the limited uses to which the engine would be put to use.  As the TeraRecon parties point out, however, the paragraphs in the amended

8

United States District Court

For the Northern District of California

1  counterclaims on which the Fovia parties rely do not allege facts

2  to support a claim of false promise.

3       The Fovia parties' unfair competition claim, founded on

4  allegations that the TeraRecon parties misrepresented that

5  TeraRecon's 3-D volume rendering software is exclusively its own

6  product and that images in TeraRecon's marketing materials were

7  created by its own product, does not address rights which are

8  qualitatively different from copyright rights.  Still at issue is

9  the copyright owner's exclusive rights of reproduction, production

10  of derivative works, distribution, and display.  See 17 U.S.C.

11  § 106; Wharton v. Columbia Pictures Industries, Inc., 907 F. Supp.

12  144, 146 (D. Md. 1995) (holding that the plaintiff's

13  misrepresentation claim was "equivalent" to the right to prepare

14  derivative works because it concerned the central allegation that

15  the defendants plagiarized his copyrighted screenplay and thus the

16  claim was preempted); Aagard v. Palomar Builders, Inc., 344 F.

17  Supp. 2d 1211 (E.D. Cal. 2004) (California unfair competition

18  claims were preempted by federal copyright law to extent they

19  asserted that defendant had reproduced and distributed claimant's

20  architectural plans as her own).  The alleged misrepresentation

21  claims do not add an extra element which changes the nature of the

22  action.  See Valente-Kritzer Video, 881 F.2d at 776.  Therefore,

23  they cannot be the basis for a violation of California Business and

24  Professions Code § 17200, and the claim will be dismissed with

25  leave to amend.

26

27       Even if the allegations of misrepresentation as currently

28                                       9

plead were not preempted by federal copyright law, the Fovia

parties would be required to amend the allegation regarding

TeraRecon's false representations because the allegation fails to

satisfy the heightened pleading requirements of Rule 9(b) of the

Federal Rules of Civil Procedure.  Rule 9(b) requires that in "all

averments of fraud or mistake, the circumstances constituting fraud

or mistake shall be stated with particularity."  Fed. R. Civ. P.

9(b); see Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-05 (9th

Cir. 2003).  In Vess, the plaintiff argued that Rule 9(b) did not

apply to the claims he brought under the California Consumer

Remedies Act and California's unfair business practice laws because

those claims do not require a showing of fraud.  The Ninth Circuit

found that he was correct that fraud is not an essential element of

his State law claims, but he was "not correct in concluding that

his averments of fraud therefore escape the requirements of the

rule."  317 F.3d at 1103.  The court stated,

> This circuit has not analyzed the application of Rule 9(b)
> in a case where fraud is not an essential element of the
> claim, and where allegations of both fraudulent and
> non-fraudulent conduct are made in the complaint.  Two of
> our sister circuits have provided such an analysis,
> however, and we now join them in holding that in a case
> where fraud is not an essential element of a claim, only
> allegations ("averments") of fraudulent conduct must
> satisfy the heightened pleading requirements of Rule 9(b).
> Allegations of non-fraudulent conduct need satisfy only
> the ordinary notice pleading standards of Rule 8(a).  As
> the Fifth Circuit wrote:
>
> Where averments of fraud are made in a claim in which
> fraud is not an element, an inadequate averment of fraud
> does not mean that no claim has been stated. The proper
> route is to disregard averments of fraud not meeting Rule
> 9(b)'s standard and then ask whether a claim has been
> stated.

Id. at 1104-05 (quoting Lone Star Ladies Inv. Club v. Schlotzsky's

10

1    Inc., 238 F.3d 363, 368 (5th Cir. 2001)) (emphasis added).

2        Vess is controlling.  The misrepresentation allegations must

3    be disregarded because they are not alleged with the required

4    specificity.  Without those allegations, a claim for unfair

5    business practices has not been stated, and would be dismissed.  If

6    the Fovia parties want their misrepresentation and false promise

7    allegations to be considered, they must be replead to give the

8    TeraRecon parties notice of the particular misconduct alleged so

9    that they can defend against the charge and not just deny that they

10   have done anything wrong.  Id. at 1106.  As the Ninth Circuit

11   instructs, "Averments of fraud must be accompanied by 'the who,

12   what, when, where, and how' of the misconduct charged."  Id.

13   (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

14            2.  Reverse Passing Off

15       The TeraRecon parties contend that the Fovia parties' "reverse

16   passing off" allegations do not support a claim under § 17200.  The

17   Ninth Circuit explains that reverse passing off, or reverse palming

18   off, occurs with the direct misappropriation of the services or

19   goods of another.  Summit Mach., 7 F.3d at 1437.  The Fovia parties

20   state that they have not asserted a Lanham Act claim for reverse

21   passing off.  Regardless, to the extent that they allege reverse

22   passing off, their unfair competition counterclaims are preempted.

23   See Aagard, 344 F. Supp. 2d at 1217 ("Reverse palming off claims

24   are preempted unless they allege bodily appropriation and the

25   claimant seeks more than mere monetary damages.").

26

27

28                                          11

United States District Court

For the Northern District of California

3.  Misappropriation

The TeraRecon parties also contend that the Fovia parties' misappropriation allegations do not support a claim for unfair competition under § 17200.  According to the amended counterclaim, the TeraRecon parties have a regular practice of depriving Fovia and Fovia Medical of the value of their products and services by misappropriating the engine created by Buyanovsky and incorporating it into TeraRecon's commercially distributed products.  ACC ¶ 161.  The Fovia parties do not address whether their misappropriation allegations are preempted or whether the allegations support a claim for unfair competition.  They point to these allegations only to show wrongful conduct by Saito and Taylor.  It appears that this allegation would also be preempted and thus could not support an unfair competition claim.  See Summit Mach., 7 F.3d at 1441 (noting that, in the cases finding that a claim for misappropriation is not preempted, "the extra element tends to be apparent").

4.  Saito and Taylor

The TeraRecon parties contend that the amended counterclaim fails to state a claim under § 17200 against Saito and Taylor because it describes no conduct by either Saito or Taylor and because the claim is time-barred.

The Fovia parties point to allegations in the complaint of wrongful conduct by Saito and Taylor.  As noted above, the Fovia parties allege that Saito and Taylor misappropriated the engine. It is also alleged that Saito and Taylor "misrepresented TeraRecon's rights relating to the Buyanovsky Engine to the medical imaging community and to Fovia and Fovia Medical's prospective

12

**United States District Court**
For the Northern District of California

customers."  ACC ¶ 171.  These allegations, however, fail for the reasons stated above: a claim based on misappropriation of the engine appears to be preempted and the alleged misrepresentations must be disregarded, pursuant to <u>Vess</u>, because they are not alleged with the required specificity.

This unfair competition claim against Saito and Taylor, however, is not time-barred.  A claim can be dismissed as time-barred only where it is evident on the face of the complaint that the claim is necessarily barred.  <u>See, e.g.</u>, <u>Mertens v. Hewitt Associates</u>, 948 F.2d 607, 613 (9th Cir. 1991), <u>aff'd</u>, 508 U.S. 248 (1993) (dismissing "on statute of limitations grounds is improper where the complaint merely shows that the action may have been barred") (inner quotation omitted).  The statute of limitations on a claim under § 17200 is four years, and it begins "to run on the date the cause of action accrued, not on the date of discovery." <u>Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.</u>, 285 F.3d 848, 857 (9th Cir. 2002); Cal. Bus. & Prof. Code § 17208.  Thus, a delay in discovering that TeraRecon was allegedly using the engine without permission does not save the claim from the time bar.  It is not clear from the complaint exactly when TeraRecon incorporated and used the engine in its products.  It is only alleged that TeraRecon did so after the Radiological Society meeting, because Buyanovsky allegedly did not grant TeraRecon rights to use the engine in its products after the conference.  Because it is not clear on the face of the complaint that this counterclaim is time-barred, the Court need not address whether the statute of limitations is tolled as to claims asserted against officers and

13

directors of a corporation when the corporation commences litigation.

**B.   Intentional Interference with Prospective Economic Advantage**

The Fovia parties state that they have revised their third counterclaim for intentional interference with prospective economic advantage to cure all the alleged pleading defects the TeraRecon parties raised in their motion to dismiss.  The amended counterclaim now alleges that TeraRecon, Saito and Taylor have intentionally interfered with the Fovia parties' business relationships "through improper means, including by making false and misleading statements to Fovia and Fovia Medical's prospective customers that Fovia and Fovia Medical have copied TeraRecon's software, have misused TeraRecon's trade secrets, and no longer have the right, authority and license to use, produce and distribute their medical imaging products.  TeraRecon, Saito and Taylor have also misrepresented TeraRecon's rights relating to the Buyanovsky Engine to the medical imaging community and to Fovia and Fovia Medical's prospective customers."  ACC ¶ 170.

As the TeraRecon parties note, this allegation does not satisfy the requirements of Rule 9(b).  Rule 9(b) "requires that a plaintiff plead with sufficient particularity attribution of the alleged misrepresentations or omissions to each defendant."  In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 752 (N.D. Cal. 1997).  The Fovia parties contend that Rule 8(a), not Rule 9(b), applies to intentional interference claims and, thus, they have meet their pleading requirements.  Citing a case from a

14

**United States District Court**
For the Northern District of California

Florida District Court, the Fovia parties state that Rule 9(b)'s heightened pleading requirement is limited to claims of common law and statutory fraud.  See Lockheed Martin Corp. v. Boeing Co., 2005 WL 729685, *2 (M.D. Fla. Mar. 21, 2005).  That is incorrect.  As discussed above, even where fraud is not a necessary element of a claim, where a party alleges that the other party engaged in some fraudulent and some non-fraudulent conduct, the allegations of fraud must be plead with particularity or be disregarded.  Vess, 317 F.3d at 1103-04.

In Meridian Project Systems, Inc. v. Hardin Construction Co., 404 F. Supp. 2d 1214, 1220 (E.D. Cal. 2005), the defendant brought a counterclaim for intentional interference with prospective economic advantage based on the plaintiff's alleged misrepresentations to prospective customers that it had infringed the plaintiff's copyright.  The court found that, while fraud was not an element of an intentional interference with prospective economic advantage claim, the counterclaim had alleged that the counterdefendant engaged in fraudulent conduct, i.e., the allegedly false statement that the counterclaimant violated the counterdefendant's copyright.  Thus, the court applied Rule 9(b) to the allegations that the counterdefendant made intentional misrepresentations.  Some of the allegations passed muster under Rule 9(b) "because they described the who, what, where, when and how of the alleged misrepresentations." Id. at 1220.  The allegations that did not satisfy the requirements of Rule 9(b) were disregarded in determining whether a claim was stated.

15

**United States District Court**
For the Northern District of California

1    Without the intentional misrepresentation allegations that do

2 not meet the specificity requirements of Rule 9(b), the Fovia

3 parties allege that the TeraRecon parties interfered with their

4 business relationships through "improper means."  Although the

5 Rules do not require the Fovia parties to describe in detail these

6 "improper means," they must provide the TeraRecon parties fair

7 notice of what their claim is and the grounds on which it rests.

8 They do not.   Therefore, the third counterclaim is also dismissed

9 with leave to amend.

10    C.   Negligent Interference with Prospective Economic Advantage

11    The Fovia parties amended their fourth claim to delete Saito

12 and Taylor and to add specific allegations of negligence.  As they

13 note, however, this claim also alleges that TeraRecon made

14 misleading statements to prospective customers, in addition to

15 misrepresenting its rights relating to the engine.   Those

16 allegations, like the similar allegations discussed above, are not

17 plead with the specificity required by Rule 9(b) and thus must be

18 disregarded.  <u>See</u> <u>Vess</u>, 317 F.3d at 1105.   Without those

19 allegations, the counterclaim only states that TeraRecon has

20 negligently interfered with Fovia and Fovia Medical's prospective

21 business relationships.   Conclusory allegations are insufficient to

22 defeat a motion to dismiss for failure to state a claim.   <u>Epstein</u>

23 <u>v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996).   Thus, the

24 fourth counterclaim is also dismissed with leave to amend.

25 II.  Motion for leave to amend complaint

26    Plaintiff TeraRecon seeks leave to file its proposed second

27 amended complaint.   The proposed second amended complaint would add

28                                16

new claims for relief, amend claims for relief already plead and omit some claims against one of the defendants.  According to Plaintiff TeraRecon, the proposed second amended complaint also corrects certain errors and clarifies ambiguous language.

Recognizing the liberal policy favoring amendment under Rule 15, Defendants state that they do not object to Plaintiff TeraRecon's amended factual allegations.  Nor do Defendants object to Plaintiff TeraRecon's proposed amended claims for declaratory relief and interference with prospective economic advantage.  But Defendants contend that the conversion claim is futile and that the trade secrets misappropriation, section 17200 and contract claims are futile in part; thus, Defendants argue that Plaintiff TeraRecon's motion for leave to amend should be denied in part.

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment and prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962). Here, only futility is at issue.  As Defendants note, "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). The Ninth Circuit instructs that "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); see also SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("an amendment is 'futile' only if it would clearly be subject to dismissal").

17

A.   Conversion

Plaintiff TeraRecon seeks to allege that Defendants unlawfully converted its property rights in its trade secrets.  It defines its trade secrets as including the computer code, confidential information concerning its customers and potential customers, business plans and other corporate planning documents, and products plans.  Defendants argue that Plaintiff TeraRecon's proposed conversion claim is futile for three reasons: (1) conversion does not apply to intellectual or intangible property; (2) the claim is preempted by the Copyright Act; and (3) the claim is preempted by California's Trade Secret Act.

1.   Intangible property

Citing Olschewski v. Hudson, 87 Cal. App. 282, 286 (1927), Defendants contend that the tort of conversion applies only to tangible, certain and definite property.  The Ninth Circuit, however, has found otherwise.  Kremen v. Cohen, 337 F.3d 1024 (9th Cir. 2003).  As Defendants acknowledge, the court in Kremen found that a claim for conversion of an internet domain name can be brought under California law.  Defendants assert that the court's holding was limited to its finding that a domain name could be unlawfully converted because it was a well-defined interest and because the connection between the domain names and an electronic domain name server database was sufficient to satisfy any merger requirement under California law.  The court's holding in Kremen, however, was not so limited.  After a detailed analysis of conversion of intangibles, the court concluded:

18

United States District Court

For the Northern District of California

1

> In short, California does not follow the Restatement's strict requirement that some document must actually represent the owner's intangible property right.  On the contrary, courts routinely apply the tort to intangibles without inquiring whether they are merged in a document and, while it's often possible to dream up some document the intangible is connected to in some fashion, it's seldom one that represents the owner's property interest. To the extent _Olschewski_ endorses the strict merger rule, it is against the weight of authority.  That rule cannot be squared with a jurisprudence that recognizes conversion of music recordings, radio shows, customer lists, regulatory filings, confidential information and even domain names. . . . Assuming _arguendo_ that California retains some vestigial merger requirement, it is clearly minimal, and at most requires only some connection to a document or tangible object.

_Id_. at 1033.  Here, Plaintiff TeraRecon meets that minimal requirement; Plaintiff TeraRecon's computer code, confidential information concerning its contracts with customers, business plans and product plan are reflected in or have the necessary connection to paper and electronic documents.

Furthermore, as Plaintiff TeraRecon notes, _Kremen_ is not the only case to distinguish _Olschewski_, the main case Defendants rely upon.  In _Palm Springs-La Quinta Development Co. v. Kieberk Corp._, 46 Cal. App. 2d 234 (1941), the court upheld a conversation claim for intangible information in a customer list when some of the index cards on which the information was recorded were destroyed, allowing damages for both the value of the cards and the value of the intangible information lost.  The court explained that the defendant in _Olschewski_ "was charged with selling the good-will of a business in a specified district" and that the court "merely held that was an intangible property right which is not susceptible of conversion."  46 Cal. App. 2d at 240.

19

1    Defendants' argument that Plaintiff TeraRecon's conversion

2  claim is futile because conversion does not apply to intellectual

3  or intangible property fails.

4         2.   Preemption by copyright law

5    As discussed above, a State law claim is preempted by federal

6  copyright law unless it contains an additional element that changes

7  the nature of the action so that it is qualitatively different from

8  a copyright infringement claim.  Defendants contend that Plaintiff

9  TeraRecon's conversion claim is directed to the copying or use of

10 the computer code, which is protected by the Copyright Act, and

11 thus it is preempted.  Plaintiff TeraRecon's conversion claim,

12 however, encompasses more than just its computer code.  As

13 mentioned above, Plaintiff TeraRecon alleges that Defendants have

14 also converted its business plans and customer information,

15 materials that are outside the scope of the Copyright Act.  The

16 Court finds that Plaintiff TeraRecon has sufficiently alleged the

17 additional elements of its conversion claim to defeat Defendants'

18 preemption argument.

19    Defendants' argument that Plaintiff TeraRecon's conversion

20 claim is futile because it is preempted by copyright law also

21 fails.

22         3.   Preemption by California's Trade Secret Statute

23    Defendants argue that to the extent it is premised on the use

24 of any trade secret information, Plaintiff TeraRecon's proposed

25 conversion claim is precluded by California's trade secret statute,

26 which preempts all common law claims that are based on

27 misappropriation of a trade secret.  See Digital Envoy, Inc. v.

28                                   20

United States District Court
For the Northern District of California

Google, Inc., 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005).

Plaintiff TeraRecon notes that it did not incorporate by reference its allegation that its proprietary materials are trade secrets in its proposed claim for conversion and that, for this claim, it does not allege such.  Plaintiff TeraRecon states that this is an alternative theory, which it is allowed to plead.

Defendants' argument that Plaintiff TeraRecon's conversion claim is futile because it is preempted by California's Trade Secret Act also fails.  The Court concludes that Plaintiff TeraRecon's claim for conversion is not futile.

B.  Breach of Contract Claim

Plaintiff TeraRecon states that its proposed amendments to its breach of contract claims clarify those claims by asserting separate claims against separate Defendants.  Defendants respond that they do not seek to prevent amendment of Plaintiff TeraRecon's proposed breach of contract claims insofar as they allege that Buyanovsky, Fineman, Katen and Okulist were prohibited from using or disclosing Plaintiff TeraRecon's trade secrets after termination of their employment.  Nor do Defendants object to the amendments to the extent that they focus solely on the use of trade secrets to solicit Plaintiff TeraRecon's customers.  But, to the extent Plaintiff TeraRecon alleges that the individual Defendants breached their agreements with Plaintiff TeraRecon by competing against Plaintiff TeraRecon, Defendants contend that those claims are barred by California Business and Professions Code § 16600, which provides that a contract "by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is

21

United States District Court

For the Northern District of California

to that extent void."  Defendants argue that Plaintiff TeraRecon
fails to restrict its claims exclusively to those based on the use
of trade secrets, and, because those restrictions are not
explicitly incorporated into the amendments, the amendments are
futile.

As Plaintiff TeraRecon notes, however, its proposed amended
pleading clarifies that it is not alleging breach based solely on
Defendants' competition with Plaintiff TeraRecon.  Nowhere in the
amended claims does Plaintiff TeraRecon allege that Defendants
breached their employment contracts by competing with Plaintiff
TeraRecon after leaving Plaintiff TeraRecon's employ.  Furthermore,
Defendants provide no authority to support their argument that
"legal restrictions must be explicitly incorporated into the
amendments or the amendments are futile."  The Court finds that
Plaintiff TeraRecon's amended breach of contract claims are not
futile.

C.   Trade Secrets Misappropriation Claim

Plaintiff TeraRecon's first amended complaint alleged trade
secrets, "including but not limited to, the Computer Code."
Plaintiff TeraRecon now seeks to amend its complaint to allege that
its trade secrets include "Computer Code; confidential information
concerning TeraRecon's customers and potential customers, including
TeraRecon's contractual relations with GEMS IT, Siemens, and
others; business plans and other corporate planning documents; and
product plans."

Defendants contend that Plaintiff TeraRecon's amendment would
be futile because it adds new trade secrets claims that are time-

22

United States District Court

For the Northern District of California

barred.   As discussed above, a claim is barred by the statute of
limitations as a matter of law if it is untimely on the face of the
pleadings.   The statute of limitations for a claim under
California's Trade Secret Act is three years.   Cal. Civ. Code
§ 3426.6.   According to Defendants, the complaint alleges that the
statute of limitations began to run in January, 2003, when Fineman
resigned, allegedly taking Plaintiff TeraRecon's laptop, containing
its trade secrets, with him.   Plaintiff TeraRecon's original
complaint, filed in 2005 before the statute of limitations expired,
mentioned only the computer code and not any other trade secrets.
Now, after three years have passed, Plaintiff TeraRecon attempts to
add other trade secrets.

As Plaintiff TeraRecon notes, however, Defendants' argument
fails to address the relation back doctrine addressed in Plaintiff
TeraRecon's motion for leave to amend.   There is no dispute that
these amended claims arise "out of the conduct, transaction, or
occurrence set forth or attempted to be set forth in the original
pleading." Fed. R. Civ. P. 15(c).   Therefore, the amendments
relate back to the date of the original complaint.   See, e.g., Kern
Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730 (9th Cir.
1988).   Even if these are new trade secrets, as Defendants contend,
these added claims would not be time-barred.

The Court finds that Plaintiff TeraRecon's amended trade
secrets misappropriation claim would not be futile.

D.   § 17200 Claim

Plaintiff TeraRecon seeks to eliminate the "pattern" language,
which is not required by § 17200, and to incorporate by reference

23

United States District Court

For the Northern District of California

the general allegations of trade secret misappropriation.
Defendants state that they do not object to the proposed amended
claim to the extent that it is based solely on an alleged breach of
fiduciary duty.  But, to the extent that Plaintiff TeraRecon's
proposed amendment to its § 17200 claim relies on factual
allegations of copyright infringement or trade secret
misappropriation, Defendants contend that the claim is preempted by
both federal copyright law and California's trade secret law.  That
may be; however, that does not make Plaintiff TeraRecon's amendment
futile.  As stated above, denial of an amendment as futile is
appropriate only if no set of facts can be proved under the
amendment which would constitute a valid claim.  Miller, 845 F.2d
at 214.  Plaintiff TeraRecon states that Defendants have committed
acts, alleged in the complaint, that violate California's Unfair
Competition Law.  As long as one of those alleged acts is not
preempted, then Plaintiff TeraRecon's amendment to this claim is
not futile.  Because not all of the alleged acts are preempted, the
Court finds that Plaintiff TeraRecon's amended § 17200 claim is not
futile.

CONCLUSION

    For the foregoing reasons, the Court GRANTS the TeraRecon
parties' motion to dismiss counterclaims (Docket No. 23).  The
Fovia parties' second, third and fourth claims for relief are
dismissed with leave to amend.  They must file their second amended
counterclaims within fourteen days from the date of this order.
Plaintiff TeraRecon's motion for leave to amend its complaint

24

(Docket No. 27) is also GRANTED.

    IT IS SO ORDERED.


Dated: 7/6/06                          
                                       _____
                                       CLAUDIA WILKEN
                                       United States District Judge

United States District Court

For the Northern District of California