**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | TERARECON, INC.,                              No. C 05-4407 CW

12 |          Plaintiff,

                                                 ORDER GRANTING
13 |     v.                                       COUNTERDEFENDANTS'
                                                 MOTION TO DISMISS
14 | FOVIA, INC.; FOVIA MEDICAL, INC.;            SECOND AMENDED
   | KENNETH FINEMAN; ROGER KATEN; GEORGE         COUNTERCLAIMS IN
15 | BUYANOVSKY; IGOR OKULIST; and JOSEF          PART AND DENYING
   | GOREK,                                       IT IN PART
16
   |          Defendants.
17
   | _____/
18
   | FOVIA, INC.; FOVIA MEDICAL, INC.; and
19 | GEORGE BUYANOVSKY,

20 |          Counterclaimants,

21 |     v.

22 | TERARECON, INC., MOTOAKI SAITO; and
   | ROBERT TAYLOR,
23
   |          Counterdefendants.
24
   | _____/
25

26      Counterdefendants TeraRecon, Inc., Motokai Saito and Robert

27 Taylor move to dismiss, pursuant to Federal Rule of Civil Procedure

28 12(b)(6), the second, third and fourth claims for relief of the

United States District Court

For the Northern District of California

1  second amended counterclaim filed by Counterclaimants Fovia, Inc.

2  and Fovia Medical, Inc. (collectively, Fovia) and George

3  Buyanovsky.[1]   Fovia opposes this motion.   The matter was decided on

4  the papers.   Having considered all of the papers filed by the

5  parties, the Court grants in part the TeraRecon parties' motion to

6  dismiss and denies it in part.

7                                    BACKGROUND

8       As explained in the Court's July 6, 2006 order, TeraRecon

9  brought this action against its competitor Fovia and the individual

10  Defendants who founded Fovia.   Fovia and Buyanvoksy, a former

11  TeraRecon employee and one of the individual Defendants, filed a

12  counterclaim against TeraRecon and two additional

13  counterdefendants: Mitoaki Saito, TeraRecon's Chief Executive

14  Officer, and Robert Taylor, TeraRecon's Chief Operating Officer.

15  The counterclaim was for copyright infringement, unfair business

16  practices, intentional interference with prospective economic

17  advantage and negligent interference with prospective economic

18  advantage.

19       The TeraRecon parties moved to dismiss the second, third and

20  fourth claims of the counterclaim.   After they filed their motion

21  to dismiss, Fovia filed a stipulation and proposed order granting

22  them leave to file their first amended counterclaim.   The Court

23  signed the proposed order.   The TeraRecon parties argued that, even

24  after amending their counterclaim, Fovia's second, third and fourth

25  _____

26       [1]The TeraRecon parties do not move to dismiss the first
counterclaim for copyright infringement brought by Buyanovsky and
27  Fovia.   The second, third and fourth counterclaims are bought by
Fovia alone.

28                                       2

United States District Court

For the Northern District of California

1  causes of action failed to state claims upon which relief could be

2  granted.  The Court agreed, and, on July 6, 2006, it dismissed with

3  leave to amend the second, third and fourth claims.

4      On July 20, 2006, Fovia and Buyanovsky filed their second

5  amended counterclaim.  The TeraRecon parties again move to dismiss

6  the second, third and fourth claims brought by Fovia.

7                         LEGAL STANDARD

8  I.  Motion to Dismiss

9      A motion to dismiss for failure to state a claim will be

10 denied unless it is "clear that no relief could be granted under

11 any set of facts that could be proved consistent with the

12 allegations."  Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th

13 Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506

14 (2002).  All material allegations in the complaint will be taken as

15 true and construed in the light most favorable to the claimant.  NL

16 Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

17     A complaint must contain a "short and plain statement of the

18 claim showing that the pleader is entitled to relief."  Fed. R.

19 Civ. P. 8(a).  "Each averment of a pleading shall be simple,

20 concise, and direct.  No technical forms of pleading or motions are

21 required."  Fed. R. Civ. P. 8(e).  In all averments of fraud or

22 mistake, however, the circumstances constituting fraud or mistake

23 must be stated with particularity.  Fed. R. Civ. P. 9(b).  The

24 allegations must be "specific enough to give defendants notice of

25 the particular misconduct which is alleged to constitute the fraud

26 charged so that they can defend against the charge and not just

27 deny that they have done anything wrong."  Semegen v. Weidner, 780

28                              3

United States District Court

For the Northern District of California

1  F.2d 727, 731 (9th Cir. 1985).  These rules "do not require a

2  claimant to set out in detail the facts upon which he bases his

3  claim.  To the contrary, all the Rules require is 'a short and

4  plain statement of the claim' that will give the defendant fair

5  notice of what the plaintiff's claim is and the grounds on which it

6  rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

7      When granting a motion to dismiss, a court is generally

8  required to grant a plaintiff, or counterclaimant, leave to amend,

9  even if no request to amend the pleading was made, unless amendment

10 would be futile.  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection

11 Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining

12 whether amendment would be futile, a court examines whether the

13 complaint could be amended to cure the defect requiring dismissal

14 "without contradicting any of the allegations of [the] original

15 complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th

16 Cir. 1990).  Leave to amend should be liberally granted, but an

17 amended complaint cannot allege facts inconsistent with the

18 challenged pleading.  Id. at 296-97.

19                          DISCUSSION

20     Fovia's second claim is for intentional interference with

21 prospective economic advantage; its third claim is for negligent

22 interference with prospective economic advantage.  The fourth claim

23 is for unfair business practices in violation of California

24 Business and Professions Code § 17200.  The TeraRecon parties

25 contend that all three causes of action fail to state a claim upon

26 which relief may be granted and should be dismissed without leave

27 to amend.

28                              4

United States District Court

For the Northern District of California

I.   Intentional Interference with Prospective Economic Advantage

     The Court dismissed this claim with leave to amend.  Fovia, however, did not amend its intentional interference claim. Instead, it states in its opposition that it stands on this counterclaim as previously plead.  It argues that the underlying facts of this claim are not subject to Federal Rule of Civil Procedure 9(b), an argument the Court has already rejected.

     As the Court explained in its prior order, Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir. 2003), is controlling.   Under Vess, even where fraud is not a necessary element of a claim, allegations of fraudulent conduct must satisfy the heightened pleading requirement of Rule 9(b).  If they do not, then the allegations of fraudulent conduct must be disregarded.  317 F.3d at 1105.

     Fovia states that it does not aver fraud.  But, as noted above, it did not change its allegations in this claim.  The Court has already found that the allegations of "false and misleading statements" and misrepresentations by the TeraRecon parties to Fovia's prospective customers are allegations of fraudulent conduct.  See Meridian Project Systems, Inc. v. Hardin Construction Co., 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005) ("It is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement.").

     Because the false and misleading statements and misrepresentations are not plead with particularity, the Court must again disregard them.  This leaves only the allegation that the

5

United States District Court

For the Northern District of California

1  TeraRecon parties intentionally interfered with Fovia's prospective

2  business relationship "through improper means."  The Court again

3  finds that Fovia fails to provide the TeraRecon parties fair notice

4  of what their claim is and the grounds on which it rests.  The

5  Court has already given Fovia a chance to replead this claim.

6  Fovia did not.  The Court dismisses the second amended counterclaim

7  for intentional interference without leave to amend.

8  II.   Negligent Interference with Prospective Economic Advantage

9       Fovia likewise did not amend its third claim for negligent

10  interference with prospective economic advantage, except to add

11  Saito and Taylor as individual Counterdefendants on that claim.

12  Fovia now states that it did not intend to assert this claim

13  against Saito or Taylor; the two names were added due to a

14  typographical error.  Therefore, the Court dismisses without leave

15  to amend the third claim against Saito and Taylor.  The Court also

16  dismisses without leave to amend the third claim against TeraRecon.

17       As Fovia notes, the TeraRecon parties did not raise <u>Vess</u> until

18  their reply.  At the hearing, Fovia argued that <u>Vess</u> does not apply

19  to claims for innocent or negligent misrepresentations, which it

20  contends are at the heart of its negligent interference claim.  <u>See</u>

21  <u>Vess</u>, 317 F.3d at 1105 ("The only consequence of a holding that

22  Rule 9(b) is violated with respect to a § 11 claim would be that

23  any allegations of fraud would be stripped from the claim.  The

24  allegations of innocent or negligent misrepresentation, which are

25  at the heart of a § 11 claim, would survive.").  The Court,

26  however, found that Fovia's negligent interference claim, like the

27  intentional interference claim, was based on TeraRecon's alleged

28                                      6

United States District Court

For the Northern District of California

1  misleading statements to prospective customers and TeraRecon's

2  alleged misrepresentations concerning its rights in the engine

3  created by Buyanovsky.

4      In its current opposition, Fovia points out that, in its

5  negligent interference claim, it does not allege that TeraRecon

6  made false statements; Fovia alleges only that TeraRecon made

7  misleading statements to Fovia's customers, that Fovia copied

8  TeraRecon's software, and misrepresentations relating to

9  TeraRecon's rights to the engine.  Fovia argues that the Ninth

10 Circuit acknowledged in <u>Vess</u> that alleging misrepresentation is not

11 tantamount to alleging fraud.  Fovia, however, fails to provide a

12 citation to such an acknowledgment in <u>Vess</u>.  Nor does it provide

13 any other case supporting its position.

14     As the TeraRecon parties note, many courts have found that

15 negligent misrepresentation claims are subject to the heightened

16 pleading requirements of Rule 9(b).  <u>See, e.g.</u>, <u>Scognamillo v.</u>

17 <u>Credit Suisse First Boston LLC</u>, 2005 WL 645446, *6 (N.D. Cal.

18 2005); <u>Neilson v. Union Bank</u>, 290 F. Supp. 2d 1101, 1141 (C.D. Cal.

19 2003) (noting that, under California law, negligent

20 misrepresentation is a form of deceit).  They also cite <u>Benchmark</u>

21 <u>Electronics, Inc. v. J.M. Huber Corp.</u>, 343 F.3d 719, 723 (5th Cir.

22 2003), finding that the heightened pleading requirement is applied

23 to a negligent misrepresentation claim when that claim is based on

24 the same underlying facts as a fraud claim.  The TeraRecon parties

25 argue that, because the underlying facts of the intentional and

26 negligent interference claims are the same, those underlying facts

27 must be plead in accordance with Rule 9(b).  The TeraRecon parties

28                                     7

**United States District Court**

For the Northern District of California

1 neglect to mention the one difference in the alleged underlying

2 facts: in its negligent interruption claim, Fovia does not allege

3 that the misleading statements were false.  Nonetheless,

4 subtracting an adjective does not alter the underlying factual

5 allegations, nor does it free Fovia from complying with the

6 specificity required by Rule 9(b).  There may be situations were

7 alleging a misrepresentation or misleading statement is not

8 tantamount to alleging fraudulent conduct; this, however, is not

9 one of those situations.

10      Because Fovia's allegations involving fraudulent conduct,

11 i.e., the misleading statements and misrepresentations, must be

12 disregarded, Fovia again is left with nothing more than stating

13 that TeraRecon has negligently interfered with Fovia and Fovia

14 Medical's prospective business relationships.  As the Court stated

15 in its prior order, conclusory allegations are insufficient to

16 defeat a motion to dismiss for failure to state a claim.  <u>Epstein</u>

17 <u>v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996).  Thus,

18 this claim is dismissed without leave to amend.

19 IV.  Unfair Business Practices in Violation of California Business
        and Professions Code § 17200

20

21      Unlike its second and third counterclaims, Fovia amended its

   fourth counterclaim for unfair business practices.  Fovia states

22 that it cured the alleged defects in this counterclaim by

23 (1) incorporating its allegations of interference with prospective

24 economic advantage; (2) setting forth in detail the false promises

25 Saito and TeraRecon made to Buyanovksy; and (3) alleging bodily

26 appropriation of the engine, an extra element of the unfair

27

28                                      8

United States District Court

For the Northern District of California

1  business practices claim that distinguishes it from the copyright

2  infringement claim.  Fovia argues that each of these amendments

3  provides an independent basis for denying the motion to dismiss.

4  The TeraRecon parties disagree.

5          A.   Incorporation of Interference Claims

6          The Court dismisses the claims for intentional and negligent

7  interference with prospective economic advantage.  Therefore, those

8  claims do not support a claim for unfair business practices.

9          B.   False Promises

10         As discussed in the Court's prior order, the Copyright Act

11 preempts State law claims for unfair competition arising out of

12 conduct encompassed by the Copyright Act, unless the State law

13 claims include an additional element that makes the right asserted

14 qualitatively different from those protected under the Copyright

15 Act.  Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th

16 Cir. 2005).  Fovia now includes that additional element.  It

17 alleges in sufficient particularity that Saito and TeraRecon made

18 false promises and misrepresentations.  Firoozye v. Earthlink

19 Network, 153 F. Supp. 2d 1115, 1129 (N.D. Cal. 2001) ("A state-law

20 misrepresentation claim, even where the defendant's only alleged

21 misrepresentation involved a promise not to use the plaintiff's

22 work, contains an additional element that makes the claim

23 qualitatively different from a copyright right [sic] claim and is

24 therefore not preempted.").

25         The TeraRecon parties argue that the false promise allegations

26 do not rescue this claim.  They note that the alleged false

27 promises and misrepresentations were made to Buyanovksy, years

28                                   9

United States District Court

For the Northern District of California

1    before Fovia came into existence.  They therefore contend that

2    Fovia cannot bring this claim.  But, as Fovia notes, the TeraRecon

3    parties cite no authority to suggest that Fovia, the company

4    Buyanovsky founded, and to which he assigned all rights, cannot

5    have suffered injury from these misrepresentations and false

6    promises and cannot bring this claim.

7         The Court finds that the allegations of false promises provide

8    grounds for maintaining this claim against TeraRecon and Saito; the

9    allegations, however, do not save the claim against Taylor.

10        C.   Bodily Appropriation of the Engine

11        In its July 6, 2006 order, the Court determined that, to the

12   extent Fovia based its unfair business practice claim on a reverse

13   passing-off claim, the unfair business practice claim was

14   preempted.  As stated in Aagard v. Palomar Builders, Inc., 344 F.

15   Supp. 2d 1211, 1217 (E.D. Cal. 2004), "Reverse palming off claims

16   are preempted unless they allege bodily appropriation and the

17   claimant seeks more than mere monetary damages."  In its first

18   amended counterclaim Fovia did not allege bodily appropriation.

19   Now, it does.  The TeraRecon parties argument otherwise is

20   unavailing.

21        The Court finds that this allegation provides additional

22   grounds for maintaining the fourth claim against TeraRecon and

23   Saito.  In addition, this allegation provides grounds for

24   maintaining this claim against Taylor.

25                              CONCLUSION

26        For the foregoing reasons, the Court GRANTS IN PART the

27   TeraRecon parties' Motion to Dismiss Second Amended Counterclaims

28                                  10

United States District Court

For the Northern District of California

1    (Docket No. 61) and DENIES it IN PART.  The Court dismisses without

2    leave to amend Fovia's second and third claims for intentional and

3    negligent interference with prospective economic advantage; Fovia's

4    fourth claim for unfair business practices is not dismissed.

5         IT IS SO ORDERED.

6

7    Dated: 9/20/06

8                                     CLAUDIA WILKEN
                                      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    11